## Humiston *vs.* Smith.

In an action upon a contract of warranty, the party injured may, at his election, declare in assumpsit or in tort.

Whether an action is, or is not, trespass on the case within the meaning of our Statute, (tit. I., ch. xii., § 152,) is determined by the form of the declaration, and not by the subject matter of the suit.

An action in which the declaration is in form *ex delicto*, and embraces three counts, two upon a false warranty, and the other upon a false representa-

---

ation respecting a horse, is trespass on the case. And where the plaintiff in such action obtained a verdict for twenty-three dollars damages, it was held, that the allowance of more costs than damages was contrary to the statute and erroneous.

THIS was an action on the case. The declaration contained three counts. The first two were for a false and fraudulent warranty of a horse ; and the other for a false and fraudulent representation respecting his soundness.

The cause was brought to the county court, for the county of New Haven, and tried at the March term, 1851, when the plaintiff obtained a verdict for twenty-three dollars damages, and the court taxed and allowed the plaintiff, the sum of sixty-one dollars and sixty-two cents, costs of suit.

The defendant thereupon filed his motion in error, and removed the cause to the superior court, assigning for error, that the county court erred in allowing the plaintiff more costs than he had recovered damages.

At the term of the superior court, holden at New Haven, in October, 1851, the cause was heard, and the judgment of the county court reversed. The plaintiff thereupon filed a motion in error, and brought the cause to this court.

*Wooster,* in support of the motion, contended, 1. That full costs ought to be allowed in this case, unless it falls clearly within the meaning and intent of the 153d section of the statute "relating to civil actions;" which, being in contravention of the common law, should be limited in its construction to the subject matter intended by the legislature.

The subject matter intended, is the cause or substance of the action mentioned ; for our courts invariably allow full costs in all actions of assumpsit, which are strictly and literally "actions of trespass or transgression on the special case." 3 Bl. Com., 116, *et seq.* Hence this statute applies only to those actions of the case which arise from some direct or consequential injury, and not to that class of ac-

tions of the case which arise from, and are founded on, the mere breach of a contract.

2. The gist and substance of this action is the mere breach of a contract. *Bartholomew* v. *Bushnell*, 20 Conn. R., 271. In this action and the action of assumpsit, the substantial and essential allegations are exactly the same. The nature of the evidence and the rule of damages are, also, precisely the same. The only difference is verbal.

3. If assumpsit and actions on the case for the mere breach of a contract are not within this statute, this action is not, for the reasons, 1. That this is an action for the mere breach of a contract, and in no wise essentially different from the action of assumpsit. 2. The contract of warranty is but a simple contract, based upon a contingency, that if the thing sold is not in every respect what it was supposed to be, then the warrantor or vendor promises to make up the deficiency. The same rule ought always to apply where the same reason exists for its application. 3 Bl. Com., 165.

*H. B. Munson,* contra, contended, 1. That at the present time, the words action on the case, are usually understood to import an action, in form *ex delicto.*

In this declaration, the first and second counts have every distinctive feature of an action in form *ex delicto.* The contract is set out only by way of inducement. The gravamen of the charge is the false and deceitful conduct of the defendant. The third count is for false and deceitful representations without warranty, and admitted to be in form *ex delicto;* and the allegations are in conformity with the forms and precedents in tort, as laid down in the books. 2 Chitty's Pl., 679. 2 Swift's Dig., 466. *Williamson* v. *Allison*, 2 East R. p. 446. *Stoyel* v. *Westcott*, 2 Day, 418.

2. But neither count has any mark or feature of a declaration in assumpsit, and neither is conformable to the forms and precedents in assumpsit. 2 Chitt. P., 281. 2 Swift's Dig., 348, 349.

3. The plaintiff is not permitted to establish deceit and fraud, when he declares in assumpsit on a warranty ex pressed or implied. *Everston's Exrs.* v. *Miles*, 6 John., 138. *Shepherd* v. *Whiting*, 1 Aiken, (Vermont,) 188. *Pickering et al.* v. *Dawson et al.*, 4 Taunt., 786. *Bartholomew* v. *Bushnell*, 20 Conn. R., 279.

Under this declaration, the plaintiff had a right to give evidence of fraud and deceit, as the defendant could not object, nor the court refuse, to receive the evidence; for it would properly support the allegations in each count. The charge is fraud and deceit. 20 Conn. R., 283, 284. 2 East, 446.

4. That the cause of action grows out of a contract, makes this none the less an action on the case. Besides, the plaintiff having treated this as an action of tort, by joining counts admitted to be in tort, has availed himself of the rules of evidence and damages applicable alone to actions of tort, and deprived the defendant of his right of set-off in assumpsit. And it is now too late for him to avoid the operation of the statute, by claiming it to be an action of assumpsit.

WAITE, J. The statute provides, that in all actions of trespass and trespass on the case, tried in the county or superior court, if the damages found by a verdict of the jury, or otherwise, shall not exceed thirty-five dollars, the plaintiff shall recover no more costs than damages, unless the title of land, the right of way, or the use of water, is in question. Statutes, title I., chap. 12, sec. 152.

The question arising upon the present record, is, whether the action is trespass on the case, within the fair intendment of that statute. If it be, it is not denied but that the plaintiff is precluded from recovering more costs than he recovered damages by the verdict of the jury in the county court.

And we are of opinion that such is the action. It is tech

nically called an action of trespass on the case. The declaration is in form *ex delicto*, embracing three counts, two upon a false warranty, and the other upon a false representation respecting a horse. No question is made, but that the last count is in form, and in substance, trespass on the case.

But it is insisted, that the two first do not fall within the provisions of the statute, because they are founded upon a contract; and the statute has never been construed as extending to actions of assumpsit, although they also are actions of trespass on the case.

It is true, such actions were formerly considered as actions on the case, and are still so described in the writ; yet they have so long been treated as a distinct species of action, and the form of declaring is so different from that in other actions on the case, that they have ceased to be embraced under that general denomination. And at the present time, when an action on the case is mentioned, either in a statute or elsewhere, it is usually understood to mean an action in form *ex delicto*. 1 Chitty's Pleadings, 132, edition 1844.

Thus, where a statute authorized an incorporated company to make calls upon subscribers to the stock of the company, and sue for the same in an action on the case, the court held, that the company might declare in tort, although the suit was brought for a mere breach of contract, in not paying a sum of money; and that the words of the statute were not to be construed as meaning an action on the case in assumpsit. *The Huddersfield Canal Co.* v. *Buckley*, 7 T. R., 6.

An action upon a warranty is indeed founded upon a contract, but the plaintiff may at his election declare either in assumpsit or in tort. The two forms of action are, however, so distinct, that they can not both be joined in the same declaration; and had the present declaration embraced a count in assumpsit on the warranty, it would have been bad. *Corbett* v. *Packington*, 6 B. & C., 268. (13 E. C. L., 170.)

But the counts upon the warranty, as laid in the declaration, were very properly joined with the one, charging the defendant with a fraud in the sale of the horse, confessedly a count in trespass on the case, because they are all founded upon torts. Whether an action is in assumpsit or on the case, depends not upon the subject matter of the suit, but upon the form of the declaration.

There are, indeed, several subdivisions of actions on the case, as actions of trover, for slander, for a libel, for a malicious prosecution, and others; and yet they all retain the general name; and the declarations in such cases are always in form *ex delicto.*

Upon a contract of warranty, the party injured may, at his election, declare in assumpsit or in tort. But it is not the only case where a party may · have his election. The same rule applies to actions against attorneys, carriers, innkeepers, and other bailees, for injuries arising from negligence.

By making the denomination of the action depend upon the *form* of the declaration, and not upon the subject matter, the application of the statute becomes simple and easy; and we avoid many of the embarrassments resulting from a different rule.

Thus, in the present case, the declaration contains three counts, and a general verdict has been rendered upon all. If the last count is in case, and the others not, what costs shall be allowed the plaintiff? Had the declaration embraced only the counts upon the warranty, and the action was not an action on the case, the plaintiff would have been entitled to full costs. Will the joinder of a count for the fraud bring the case within the statute?

But no such difficulty exists upon the construction we give to the statute, and which we consider the true one.

We are therefore of opinion, that the judgment of the superior court ought to be affirmed.

In this opinion, the other judges concurred, except ELLS-WORTH, J., who tried the cause in the court below, and was therefore disqualified.

Judgment affirmed.