## Case No. 6,382.

### HENRY v. FRANCESTOWN SOAP-STONE STOVE CO.

[2 Ban. & A. 221; [1] 9 O. G. 408.]

Circuit Court, D. New Hampshire. Jan. 28, 1876.

PATENTS—IMPROPER REJECTION OF APPLICATION—NEW PETITION—ISSUANCE OF PATENT—OF WHAT DATE—PUBLIC USE—ASSIGNMENT—ASSIGNOR AS PARTY TO SUIT—CLAIM FOR DAMAGES.

1. An application for a patent was improperly rejected. A new petition was filed renewing the first petition, whereupon the patent issued: *Held*, that the date of the application for the patent is the date of the first application which was rejected.

2. The date, from which the time of prior use or sale is to be reckoned, is the date of the earliest application.

3. Public use in good faith for experimental purposes, while the inventor is perfecting his invention, and for a reasonable period even before the beginning of the two years of limitation, cannot affect the rights of the inventor.

[Cited in Graham v. Geneva Lake Crawford Manuf'g Co., 11 Fed. 142; Andrews v. Hovey, 124 U. S. 712, 8 Sup. Ct. 682.]

[See note at end of case.]

4. Where a patent is assigned, and in connection therewith and incidental thereto, a claim for past damages and profits for the infringement of the patent is also assigned, it is not necessary, in a suit by the assignee to recover such damages and profits together with those accruing since the assignment, to make the assignor a party to the bill.

[Cited in Consolidated Oil-Well Packer Co. v. Eaton, 12 Fed. 870; Nellis v. Pennock Manuf'g Co., 38 Fed. 380.]

In equity.

Bainbridge, Wadleigh and Thomas L. Livermore, for complainant.

Sawyer & Sawyer, Jr., and William L. Putnam, for defendant.

SHEPLEY, Circuit Judge. This is a suit in equity by Hyren Henry against the Francestown Soap-Stone Stove Company, for an alleged infringement of letters patent [No. 22,787], granted to Porter Dodge, February 1, 1859, for a new and useful "improvement in stoves." Defendant answers to part and demurs to part of the bill. The answer sets up prior use and knowledge in William Eayrs and O. W. Wade, and also a public use and sale more than two years prior to the application by Dodge for a patent. There is nothing in the patent of O. W. Wade resembling the invention of Dodge, except that

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

both patents were for stoves, and the material described in both was soap-stone. Here the similarity ends. Eayrs' stove was never patented. No practical working stove appears to have been made by him. He had not perfected and was not using any diligence to perfect his invention before Dodge obtained his patent. Neither is there anything in his model to anticipate Dodge's invention.

I have carefully analyzed and examined the evidence, introduced to sustain the allegation in the amended answer of the defendant, that Dodge "consented and allowed his said patented improvement to be in public use and on sale for more than two years prior to his application for said letters patent—to wit, from about the year 1854 to the year 1858." Before commenting on this testimony it becomes necessary to fix the date of Porter Dodge's application. His application was subscribed, and the specification sworn to, and the power of attorney to his solicitor drawn and acknowledged December 26, 1856. His model was filed in the patent office the next day. His formal petition, specification, drawings, affidavit, and power of attorney were filed and the fee paid at the patent office, February 14, 1857, and correspondence ensued. His specifications and one of his drawings were returned for unimportant corrections, and after corrected specifications had been returned, his application was rejected, April 15, 1857, by reason of an entire misapprehension by the examiners of his claims upon a reference of the patent to O. W. Wade and the application of William Eayrs before mentioned. January 13, 1859, he filed a new petition renewing the first petition, whereupon his patent issued, February 1, 1859. Under such circumstances the date of his application for a patent is to be considered to be the date of his first application, which was rejected, and not the date of his renewed application, which was granted, and on which the letters issued. Godfrey v. Eames, 1 Wall. [68 U. S.] 317. To the same effect is a decision of Mr. Justice Clifford in this circuit,—Jones v. Sewall [Case No. 7,495],—and it has frequently been held that the date of filing the application on which the patent was granted is not the date from which the time of use or sales is to be reckoned, but that the time is to relate back to the date of any application. Delays in the patent office, which an inventor cannot prevent, will not impair his title to his invention, nor can any use of his invention during such delays, if without his consent and allowance, afford any evidence to support the idea that the inventor abandoned his invention to the public. Jones v. Sewall, above cited; Stimpson v. Railroad, 4 How. [45 U. S.] 402.

Mere forbearance to apply for a patent during the process of experiments, and until the party has perfected his invention and tested its value by actual practice, affords

no just grounds for any presumption of abandonment or dedication to the public. Agawam Co. v. Jordan, 7 Wall. [74 U. S.] 607. To defeat the patent on the ground of a public use and sale more than two years prior to the application of Dodge for a patent, such public use and sale must be proved more than two years prior to his first and rejected application. That application was formally filed February 14, 1857, and for the purposes of this case that may be taken as the date from which the time of the two years' prior use and sale is to be reckoned; although to save a forfeiture it might, if necessary, be just to give him the benefit of the informal application made to the commissioner when he transmitted his model, December 27, 1856, the day after the date of his oath to the application, signed and sworn to on the 26th.

In Birdsall v. McDonald [Case No. 1,434], the court were of the opinion that the placing, by an inventor, of his model and application and fee in the hands of a solicitor within two years after public use, was sufficient to prevent forfeiture, although the solicitor negligently omitted to file it until after the two years.

The fact of a public use or sale more than two years prior to the application, when clearly proved, is fatal to the patent. But the objection rests upon the principle of forfeiture, and is not to be so favorably regarded as to dispense with the necessity of strict proof. Public use in good faith for experimental purposes, while the inventor is perfecting his invention, and for a reasonable period even before the beginning of the two years of limitation, cannot affect the rights of the inventor. Birdsall v. McDonald [supra]; Mellus v. Silsbee [Case No. 9,404].

Applying these principles of law to the facts found in this case, the evidence does not show any such public use or sale, with the consent of Dodge, for two years prior to his application, as would work a forfeiture of his patent. There is one case only of a sale clearly proved before February 14, 1855, and no evidence tending to show more than two or three sales before that time, and all of them accompanied with a notice of an intention to apply for a patent, and all of these during the time when he was experimenting upon and before he had perfected his invention and attained sufficient perfection in the castings to satisfy him that his invention was practically successful. As in most, if not in all of these instances, the stoves were delivered on trial, to be returned if the invention did not work satisfactorily, they are to be regarded rather in the light of such practical tests as the law permits an inventor to make, than as such public sales as would tend to show abandonment, or mislead the public into a belief that the inventor had made a dedication to the public.

The ground of the demurrer is that Roundy and Darling are not joined as parties to the bill. Porter Dodge died August 13, 1865, and Roundy was duly appointed executor of his will and trustee of the letters patent under a clause of the will, by which the testator had provided that all his letters patent should be held in trust for the benefit of his widow and son. The property in the letters patent in question, and in and to all claims for profits and damages for infringement, passed by valid conveyances from the executor and trustee Roundy to Darling, and from Darling to the complainant, the contention is that, inasmuch as profits and damages are claimed for a period which includes the time in which the legal title to the letters patent was held by Roundy and by Darling, they are necessary parties to the bill. In this case, the assignments were not merely of a chose in action. Assignment of the claim for past damages and profits was in connection with, and an incident to, the transfer of the title to the letters patent. Such an assignment of past profits and damages for the infringement of a patent, when made in connection with the transfer of the title of the patent itself, courts of equity will uphold, and the modern doctrine in courts of equity is that if the assignment be absolute and unconditional, and there is no remaining title or interest in the assignor to be affected by the decree, the assignor is not a necessary party. Trecothick v. Austin [Id. 14,164]; Hill v. Adams, 2 Atk. 39; Story, Eq. Pl. 153, 154, 197; Haskell v. Hilton, 30 Me. 419; Moor v. Veazie, 32 Me. 355; Whitney v. McKinney, 7 Johns. Ch. 144; Montague v. Lobdell, 11 Cush. 114, 115; Currier v. Howard, 14 Gray, 513.

The infringement in this case is clearly proved, and there must be a decree for the complainant for an account, and for profits and damages, according to the prayer of the bill.

[NOTE. In February, 1879, a rehearing was granted upon affidavits tending to show that Dodge had sold two of his stoves to two different persons more than two years before his application. Evidence having been taken, the rehearing took place before Lowell, Circuit Judge, who held that a single sale of an invention more than two years before the application, works a forfeiture of the patent. This having been shown in the present case, the patent is thereby avoided. 2 Fed. 78.]