ALBERT G. SAGE, Appellant, *v.* JOHN H. WOODIN et al., Respondents.

The personal representatives of a deceased member of a firm may adjust and settle the partnership affairs with the surviving partners, and, in the absence of fraud or mistake, the settlement is conclusive upon the parties, and upon all persons claiming through them, including the creditors of the deceased partner.

In March, 1866, plaintiffs obtained judgment by default against C., and levied upon his interest in a stock of goods of a copartnership of which he was a member; by stipulation the judgment was opened, and C. allowed to come in and defend, all proceedings on the execution to be suspended "until otherwise ordered;" directions to that effect were given to the sheriff, and the firm continued its business without interference. C. died in July 1867; his administrators had an accounting and settlement with the surviving partners, who did not know of the levy, and C.'s interest in the firm was, for a good consideration, transferred by the administrators to W., one of the survivors. The administrators were substituted as defendants in C.'s place in said action. In March, 1868, judgment was perfected therein in favor of plaintiff, whereupon the sheriff, by direction of plaintiff's attorney, sold the interest of C. in the partnership assets, and plaintiff became the purchaser. In an action brought by him against the surviving partners for an accounting, *held*, that the execution had, by the conduct of the plaintiff, and the delay of the sheriff under his directions, become dormant as against *bona fide* purchasers, in which position W. stood; and that the settlement and transfer made by C.'s administrators were conclusive upon plaintiff.

It is not necessary in such case that the execution creditor should have acted in bad faith, or with intent to defraud in delaying the execution, to make it dormant as to third persons.

(Argued June 7, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought for an accounting and to recover the interest of Charles E. Case in the assets of the firm of Case, Woodin & Conger, in which firm said Case was a partner

at the time of his death, and which interest plaintiff claimed to have purchased on execution sale.

The facts sufficiently appear in the opinion.

*S. N. Dada* for the appellant. The delivery of an execution to the sheriff in the lifetime of the defendant binds his personal property and authorizes a sale after his death, although no actual levy was made previous to his death. (*Becker* v. *Becker*, 47 Barb., 498; *Selden* v. *Wells*, 29 N. Y., 490.) Plaintiff, by the purchase at the sheriff's sale, became a tenant in common with defendants of the partnership effects, and upon the dissolution of the firm acquired all the rights and was subject to all the equities of C. E. Case in the firm. (Col. on Part., §§ 112–162; Story on Part., §§ 311, 312; 3 Kent's Com., 59; *Smith* v. *Owen*, 42 N. Y., 132.) Defendants are bound to account to plaintiff for the profits realized in the business up to the time of trial. (Col. on Part., §§ 325–336; *Crawshay* v. *Collins*, 15 Ves., 218; *Featherstonhaugh* v. *Fenwick*, 17 id., 298; *Brown* v. *De Tastel*, 1 Jacobs' Ch., 284; *Cook* v. *Coolingridge*, id., 608; *Ogden* v. *Astor*, 4 Sandf., 311; Story on Part., § 349; *Washburn* v. *Goodman*, 17 Pick., 519; *Dyckman* v. *Valiente*, 42 N. Y., 549; *Sigourney* v. *Munn*, 7 Conn., 11.) Surviving partners are not entitled to compensation for collecting the debts, adjusting the accounts and winding up the affairs of the concern. (3 Kent's Com., 64; Col. on Part., § 199; Story on Part., § 331; *Washburn* v. *Goodman*, 17 Pick., 519.)

*George G. French* for the respondents. Plaintiff had no right to treat the stay of the execution as a nullity. (*Starr* v. *Francis*, 22 Wend., 633; *Roosevelt* v. *Gardinier*, 2 Cow., 463; *Jackson* v. *Jackson*, 3 id., 73; Bouv. L. Dict., 542.) The settlement as to the partnership and transfer of the interest of C. E. Case, deceased, between his administrators and defendants, was conclusive upon the rights of plaintiff herein. (*Newell* v. *Doty*, 33 N. Y., 83, 93; *Jones* v. *Osgood*, 6 id., 233, 235; *Goodrich* v. *Thompson*, 44 id., 325, 335; *Taylor* v. *Ketchum*, 5 Robt., 520; 35 How. Pr., 302; *Ogden* v. *Astor*,

4 Sandf., 312, 332–335.) The pretended levy of December 24, 1866, created no lien as against defendants. (2 R., S., 366, § 17; *Birdseye* v. *Ray*, 4 Hill, 158; *Millspaugh* v. *Mitchell*, 8 Barb., 333; *Bond* v. *Willett*, 1 Keyes, 377; 29 How. Pr., 47; *Camp* v. *Chamberlain*, 5 Den., 198, 202; *Roth* v. *Wells*, 29 N. Y., 471, 485, 489; *Westervelt* v. *Pickney*, 14 Wend., 123; *Price* v. *Shipps*, 16 Barb., 585; *Menagh* v. *Whitwell*, 52 N. Y., 146–158; Pars. on Part., *360 [2d ed.]; *Ingalls* v. *Lord*, 1 Cow., 240; *Hall* v. *Sampson*, 35 N. Y., 274; *Harris* v. *Murray*, 28 id., 574, 576; *Hickok* v. *Coates*, 2 Wend., 419; *Kellogg* v. *Griffin*, 17 J. R., 274; *Ball* v. *Shell*, 21 Wend., 222; *Knower* v. *Barnard*, 5 Hill, 377, 379; *Price* v. *Shipps*, 16 Barb., 585.) Evidence as to the business of the firm between its members and with others was competent. (A. & A. on Corps. [9th ed.], § 248, p. 225; 1 Phil. Ev., note, 177*, pp. 602, 603 [5th ed., 1868]; *Dalton* v. *Daniels*, 1 Hilt., 472; *Reab* v. *McAllister*, 8 Wend., 109; *Mer. Bk.* v. *Spicer*, 6 id., 443; 2 Wait's L. and Pr., 389; 1 Greenl. Ev. [12th ed., 1866], § 206.)

ANDREWS, J. The death of Charles E. Case operated as a dissolution of the firm of Case, Woodin & Conger, and the administrators of his estate upon their appointment became tenants in common with the survivors of the partnership property, subject to the right of the surviving partners to its possession and management for the purpose of closing up the partnership affairs. (Pars. on Part., 440.) The representatives of Case, as his successors in interest, were entitled to an accounting with the surviving partners and to receive his share of the surplus assets. In taking the account the interest of Case would be chargeable not only with his share of the partnership debts, but would be subject to a lien in favor of the other partners for any debt owing by him to the firm, and to any charge created by the partnership articles in their favor or in favor of either of them upon his interest in the partnership. (1 Lindley on Part., 702; Story on Part., § 348; *West* v. *Skip*, 1 Ves., 139; *Barker* v. *Goodwin*, 11 Ves., 85.)

It was, however, competent for the representatives of Case and the surviving partners to adjust and settle by agreement between themselves the partnership affairs without an accounting or resort to legal proceedings. Such a settlement, in the absence of fraud, would be binding upon the parties to it, subject to be opened for the correction of errors or mistakes, in accordance with the practice and principles of courts of equity. (Parsons on Part., 511, 513; *Ogden* v. *Astor*, 4 Sand., 312.)

The referee finds that in the fall of 1867, after the death of Case, there was an accounting between his representatives and Woodin and Conger of the affairs of the firm of Case, Woodin & Conger and the previous firms of which Case and Woodin were members, and an adjustment and settlement of their respective rights and liabilities. The basis, and to a considerable extent the details, of the settlement are set out in the report.

It is sufficient here to state in general terms that the interest of Case in the firm of Case, Woodin & Conger remaining after payment of the debts was ascertained. This interest was transferred by the administrators to Woodin in consideration of his assuming and paying the debts of Case and Woodin, for which both were liable, and discharging the estate of Case from his individual indebtedness to Case, Woodin & Conger and to the previous firms. In addition, and as part of the settlement, the administrators of Case paid to Woodin $268.74, that being the excess which, on the accounting, was found to be due from the estate to him, after applying Case's interest in the firm as stated. The referee also found that, by the partnership agreement of Case, Woodin and Conger, made on the organization of that firm in 1866, it was agreed that the interest of Case in the new firm should be charged with the payment of his liabilities as a partner in the previous firms. The settlement, in the absence of fraud or mistake, was conclusive upon the parties and upon all persons claiming through them. The general creditors of Case were bound by it as the act of his legal representatives.

The plaintiff, on the 21st day of December, 1866, recovered a judgment in the Supreme Court against Case. Execution on the judgment was issued December 24, 1866, and the sheriff, on the same day, by virtue of the writ, levied upon the interest of Case, in the goods of Case, Woodin & Conger, in the store occupied by the firm. In March, 1868, fifteen months after the levy, the sheriff advertised and sold the interest of Case in the partnership assets under the execution, and the plaintiff became the purchaser for the sum of thirty dollars. The sale was subsequent to the death of Case, and also to the settlement between his representatives and the surviving members of the firm. The plaintiff, claiming by this purchase to have acquired the interest of Case, Woodin & Conger as it existed December 26, 1866, brings this action for an accounting, and insists that the settlement made in the fall of 1867, between Case's administrators, and the survivors of the firm does not conclude or bind him, for the reason that the interest of Case was bound by the levy, and that the title of the creditor, when perfected by a sale on the execution, rendered null and void the settlement and the transfer made by the representatives of Case to Woodin. The plaintiff claims to stand in the same position and to have the same rights as if the settlement and transfer had not been made, and to be entitled to an accounting, *de novo*, as to Case's interest in the partnership, and of the profits on his share in the business after his death.

The defendant Woodin, upon the facts found by the referee, was a *bona fide* purchaser of the interest of Case in the partnership. Upon the faith of the settlement, and in consideration of the transfer to him of that interest, he assumed liabilities against his estate, and discharged claims in his own favor, growing out of the previous partnerships, and neither he or Conger had any notice or knowledge of the execution or levy at that time, and not, as the referee finds, until the sale in March, 1868.

The plaintiff insists that the evidence did not authorize the finding of the referee, that Woodin was a purchaser without

notice of the levy. The deputy sheriff, who held the execution and made the levy, testified that he notified the defendant Woodin of the levy January 24, 1867. This was contradicted by Woodin; and both defendants testified that they had no notice until after the death of Case. The sheriff did not claim that he gave notice at any time, except in January, 1867. The sheriff had then been directed by the attorneys for the plaintiff to suspend further proceedings on the execution, until otherwise ordered, and the direction was not withdrawn until March, 1868. The conduct of the officer when the alleged levy was made, indicates an intention to conceal the fact from the partners of Case, and in view of all the circumstances, we think the referee was justified in his conclusion upon the question of notice, at least we cannot say that there was no evidence to support it.

It is not, however, alone sufficient to support the title of Woodin as against the lien of the execution, that he was a *bona fide* purchaser without notice of the levy. The title of a *bona fide* purchaser of goods from the execution debtor, after execution issued without notice and before actual levy, is protected by statute (2 R. S., 366, § 17); but if the purchase is after the levy, the lien of the execution is paramount.

But we are of the opinion that the execution had by the conduct of the plaintiff, and the delay of the officer under his direction, became dormant as against *bona fide* purchasers of Case's interest in the partnership, intermediate his death and the execution sale in March, 1868. The judgment of the plaintiff against Case was by default. In January, 1867, the plaintiff's attorney, upon the request of the attorney for Case, opened the default and allowed him to answer on payment of costs, and thereupon, in pursuance of a stipulation between the parties, directed the sheriff to suspend all further action or proceedings upon the execution until otherwise ordered. Issue was joined in the action and judgment was obtained by the plaintiff after trial in March, 1868, and then the sheriff was directed to proceed on the execution on the original judgment. From January, 1867, to this time, no step had

been taken by the sheriff on the execution. The firm of Case, Woodin & Conger continued to carry on their store as usual, selling goods and making new purchases, without interference of the sheriff. After the death of Case, the surviving partners continued the business until the settlement with the administrators, and thereafter conducted it in the name of Woodin & Conger. The delay in executing the writ was in consequence of the voluntary intervention and direction of the plaintiff. No order opening the default or staying proceedings on the execution was obtained. The plaintiff put himself in a position where he could not enforce the writ for an indefinite period, and whether it could ever be enforced was uncertain, depending on the contingency of his obtaining a second judgment in his favor. Meanwhile, the firm was allowed to go on selling the goods levied on, and dealing with the public and each other as if no execution had been issued. To hold, under these circumstances, that the execution remained in life so as to defeat the title of an intermediate *bona fide* purchaser of the property, would operate as a fraud. It is not necessary that the execution creditor should have acted in bad faith, or with an intention to defraud in delaying the execution of the writ to make it dormant as to third persons. An unreasonable delay directed by the plaintiff in the execution, although from motives of humanity, will let in and give precedence to a subsequent execution. (*Storm v. Woods*, 11 J. R., 110; *Benjamin v. Smith*, 4 Wend., 332.) And where an execution is dormant as against other creditors, it is dormant also as to *bona fide* purchasers. (*Hickock v. Coates*, 2 Wend., 419; *Butler v. Maynard*, 11 id., 552; *Ball v. Shell*, 21 id., 222.) We are of opinion, therefore, that the conduct and direction of the plaintiff operated as a *supersedeas* to the execution, so far as third persons are concerned (SAVAGE, Ch., J., *Hickock v. Coates*), and that the settlement and transfer made in October, 1867, between the defendants and the administrators of Case, is conclusive upon the plaintiff.

The referee held that the plaintiff, by his purchase on the execution sale, acquired whatever right the administrators of

Case had to open the settlement for the correction of errors in the accounts, and judgment was awarded to the plaintiff for the amount of certain erroneous charges found to have been made against the estate of Case at that time. It is claimed that, proceeding upon this theory, other allowances should have been made. But there are no findings or exceptions which present this question, and we are not called upon to critically examine the voluminous evidence to ascertain whether the referee omitted any allowances which should have been made.

The conclusion reached on the principal question renders it unnecessary to consider particularly the exceptions to the admission of evidence. Much of the evidence to which objection was taken, is wholly unimportant in view of the point upon which we dispose of the case, and after examining the exceptions, we find none which require a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.