GEORGE G. MEAD, SURVIVOR OF HIMSELF AND STANHOPE
FLEMING v. WALDEN W. RAYMOND.

*Variance—Action by plaintiff as survivor.*

It is a fatal variance for one to sue in tort, as survivor of a partnership,
upon a cause of action that did not arise until after the firm was
dissolved by the death of the partner.

Error to Ingham. (Gridley, J.)   Oct. 18.—Oct. 31.

CASE.   Plaintiff brings error.   Affirmed.

*Quincy A. Smith* for appellant.

*M. M. Atwood* and *Huntington & Henderson* for appellee.

GRAVES, C. J.    This suit was instituted by the voluntary
appearance of Mead and Raymond before a justice of the
peace, pursuant to the statute. ,Comp. L. § 5258. [How.
Stat. § 6823.]    A formal declaration with two counts was
immediately filed, to which the defendant pleaded the
general issue.    The cause of action was a false warranty,
and the action was in tort.    The declaration described the
sale of a horse by defendant to the plaintiff, and averred
that the defendant falsely warranted that the horse was
sound.    The form of action is familiar.    *Carter v Glass* 44
Mich. 154, and cases; *Humiston v. Smith* 22 Conn. 19;
*Cutler v. Cox* 2 Blackf. 178; *House v. Fort* 4 Blackf. 293;
*Cooper v. Landon* 102 Mass. 58.    The justice rendered
judgment against the defendant, and he appealed.

On the occurrence of the trial in the circuit court, it ap-
peared that prior to June 20, 1878, Mead and said Stanhope
Fleming were in partnership, and that Fleming at that date
died and the partnership consequently ceased; that the
business of milling, in which the firm had been engaged,
was kept up afterwards either by Mead alone or in conjunct-
ion with members of Fleming's family; and that, between
three and four years subsequent to Fleming's death and the
consequent dissolution of the firm, the transaction with the

defendant occurred which is the subject-matter of the suit.

It was objected by defendant's counsel that there was a fatal variance, and the court being of that opinion, and the plaintiff declining to submit to a nonsuit, a verdict was entered for the defendant.

The plaintiff's counsel argues that there was really no variance in point of law, or if there was, that it was not material, and that the terms denoting that Mead sued as survivor might be rejected as surplusage.

We concur with the circuit judge. According to its legal import, the declaration charged that defendant sold a horse to Mead & Fleming and made them a false warranty, whereby an action accrued in their favor, which had outlived Fleming and survived to Mead. The issue was mutually agreed on, and the counting on conduct of defendant as being an act of wrong actually perpetrated against Mead & Fleming, and which gave them a right of action, was material. Every part of it was required to be substantially proved. The case indicated by the evidence was very differently composed. It consisted of a sale to Mead, or to him and one or more of the members of the family of his deceased partner, and a false warranty on that occasion to such purchaser or purchasers, if to any one. The actual transaction was new and original, and not one antedating the death of Fleming and the dissolution of the firm; not a transaction originating with the old firm and vesting them with a cause of action which devolved to the plaintiff by operation of law. In short the actionable wrong to which the evidence pointed and which it tended to identify was not the tort counted on in the declaration, but another. The defendant was in court to answer the matter laid to his charge and nothing else. The plaintiff complained that he had committed a specific injury against Mead and Fleming, and the defendant was only bound to defend against that complaint. But instead of adducing evidence to establish the cause of action so specified, the plaintiff ignored it and proceeded to make out a different case. He met the defendant with evidence

to prove an injury committed three or four years after Fleming's death, and against Mead alone, or against him and one or more of Fleming's family. This was foreign to the issue, and it could avail nothing in favor of the plaintiff.

We have not deemed it necessary to allude in terms to the various phases of the argument of plaintiff's counsel. His reasoning involves an application of principles to which we are not prepared to assent.

The judgment should be affirmed with costs.

The other Justices concurred.