## NELLIS *v.* PENNOCK MANUF'G Co.[1]

*(Circuit Court, E. D. Pennsylvania. February 13, 1889.)*

1. EQUITY—PRACTICE—AMENDMENT OF PLEADING.
   The court has power to permit an amendment, by the addition of a claim inadvertently omitted, although not strictly within the rules, where its rejection would result in no advantage to either party; subject, however, to any defense which might have been presented if the claim had been originally placed in the bill.

2. SAME—COSTS.
   Costs resulting from such omission will be placed upon plaintiff.

In Equity.

Motion to amend bill in equity. Plaintiff moved to amend the bill after the filing of the master's report by introducing into it a claim for damages and profits made during the time prior to the assignment of the patent to him, which included all rights to past damages.

*Francis T. Chambers,* for complainant.

*Jos. C. Fraley,* for defendant.

BUTLER, J. I have no doubt of the power to allow the proposed amendment to the bill. Such an amendment is not contemplated by

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

the rules prescribed by the court, governing amendments generally. *Tremaine* v. *Hitchcock*, 23 Wall. 518; *Neale* v. *Neales*, 9 Wall. 1; Mitf. Eq. Pl. 326, 331; Story, Eq. Pl. §§ 904, 905; Daniell, Ch. Pr. 463, 466; *McArtee* v. *Engart*, 13 Ill. 242. It is quite clear that the claim covered by the amendment might have been joined originally in the claim embraced in the bill. *Henry* v. *Soapstone Co.*, 2 Ban. & A. 221; *Packer Co.* v. *Eaton*, 12 Fed. Rep. 865; *Spring* v. *Sewing-Machine Co.*, 13 Fed. Rep. 446; *Grim's Appeal*, 105 Pa. St. 375; *Hoyt* v. *Spraig*, 12 Chi. Leg. N. 25; *Sage* v. *Woodin*, 66 N. Y. 578; *Kimball* v. *Lincoln*, 99 Ill. 578, 5 Bradw. 316; *Brooks* v. *Brooks*, 12 Heisk. 12; *Mead* v. *Raymond*, 52 Mich. 14, 17 N. W. Rep. 221. The claim was omitted by oversight. The evidence, however, on which it rests has been mainly taken. If the amendment was not allowed, the parties would be subjected to delay and expense, with no possible advantages to either of them. It will therefore be allowed, subject to any defense which defendant might have presented if the claim had been embraced in the bill when filed. If additional costs result from the omission so to embrace it, they will be placed on the plaintiff.