DANIEL MILLER and Another, Appellants, *v.* NATHAN M. KOSCH, Respondent.

*Execution — when dormant — how rendered active — confession of judgment — when sufficient.*

An execution is dormant only while it is held under a direction that it is not to be executed. A notice to execute a dormant execution renders it active and valid.

A confession of judgment is sufficient which states the sum for which judgment is to be entered; that in certain specified years the plaintiff had advanced and paid to the defendant, at his request, a specified sum of money, which the defendant had promised to pay, but had not paid, in whole or in part; that such sum was due and owing by the defendant to the plaintiff; that the money

lent, without interest, amounted to such sum, and that the borrower had repeatedly promised to pay the same.

APPEAL by the plaintiffs, Daniel Miller and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rockland on the 31st day of July, 1893, upon a decision of the court rendered after a trial before the court without a jury.

On October 6, 1891, Kywe M. Hoffman confessed judgment in favor of Nathan M. Kosch for $1,815.74. Judgment on such confession was duly entered and docketed, and an execution was issued to the sheriff of the county of Rockland.

On October 27, 1891, Hoffman confessed judgment in favor of Miller & Brother for $605.80, and judgment was duly entered and docketed, and an execution was issued to the sheriff of Rockland county.

On October 6, 1891, an execution against Hoffman in favor of the Nyack National Bank was placed in the hands of the said sheriff. The sheriff levied upon property belonging to Hoffman, sold the same, and satisfied the execution in favor of the Nyack National Bank. There then remained in his hands the sum of $417. Both Miller & Brother and Kosch demanded of the sheriff that such amount be applied on the executions issued upon their respective judgments, and this action was brought by Miller & Brother against the sheriff of the county of Rockland to obtain such sum of $417, and thereafter Kosch was substituted as the defendant therein.

*Snider & Hopper*, for the appellants.

*Arthur S. Tompkins*, for the respondent.

BARNARD, P. J. :

The sheriff of Rockland county collected of one Kywe M. Hoffman $417 by virtue of two executions, one in favor of the plaintiffs and one in favor of the defendant. The defendant's execution was first put in the hands of the sheriff. The execution creditors each claimed the money and the sheriff was permitted to deposit the money in court in an action brought by the junior execution creditors and the defendant was made a party. The only question made by the pleadings is whether the defendant's, the prior execution,

was dormant in the sheriff's hands or was an execution upon a fraudulent judgment. Both judgments were by confession, and neither was impeached by the testimony on the trial. The question of dormancy rests upon the fact that, after the defendant's execution was received. by the sheriff, the defendant's attorney requested the sheriff to make no levy and to take no steps to enforce the execution until further instructions from him. The attorney directed the sheriff to hold the first lien as against other executions, and when the plaintiffs' execution was received by him he levied on both executions. The defendant's attorney makes a full explanation of the request, stating that efforts were being made to settle the claim, and that shortly after the direction to the sheriff, and before the plaintiffs' judgment was obtained, he directed the sheriff to make a levy at once. The execution, if dormant while the sheriff held it not to be executed, was revived by the notice, before the plaintiffs' execution was received, to execute it, and rendered active and valid, and the levy under it was good. The execution was dormant only while the sheriff held it not to be executed. (*Smith* v. *Erwin*, 77 N. Y. 466.)

In the case of *Sage* v. *Woodin* (66 N. Y. 578) the court found the execution to have been dormant under circumstances quite different from those of this case.

The confession of the defendant's judgment is sufficient. It states the sum for which judgment is to be entered. It states that in 1886, 1887, 1888, 1889, 1890 and 1891, the plaintiff advanced and paid to the defendant, at his request, $1,399.17, which the defendant promised to pay and has not paid, in whole or in part, and that the sum is due and owing by the defendant in the confession to the plaintiff therein. The statement is that the money loaned, without interest, amounts to $1,399.17, and that the borrower has repeatedly promised to pay the same. The confession is supported by the case of *Freligh* v. *Brink* (22 N. Y. 418) and by *Harrison* v. *Gibbons* (71 id. 58); and is not in conflict with *Wood* v. *Mitchell* (117 id. 439).

The judgment should be affirmed, with costs.

Pratt, J., concurred.

Judgment affirmed, with costs.