898

In re Young (C. C. A.) 294 F. 1. The absence of any provision for restitution in the Bankruptcy Act (11 USCA) and in the rules of court is therefore of no significance.

■ There is a difficulty, it is true, in applying the rule to the case of a composition confirmed by the District Court and reversed on appeal. The composition fund is not the same as the bankrupt estate. If the composition had been rejected by the District Court, the fund would have been returned to those who deposited it. But generally the fund comes in large part from the bankrupt estate, and that was the case here. To at least that part of the fund the receiver or trustee is entitled. And to the extent that the fund came from strangers, it should be returned to the custody of the bankruptcy court, later to be returned to the strangers or to be made part of the bankrupt estate as justice may require. The statement is made in the trustee's brief that there are equities in the case which entitle the trustee to the entire fund. That matter is not before the court for decision.

■ The creditors who assented to the composition and received dividends under it make the point that they were not parties to the appeal and therefore are not affected by the reversal. The rule in this circuit is that assenting creditors are not necessary parties to an appeal by objecting creditors from an order confirming a composition. In re Gottlieb, supra. And in this very case the appeal was entertained without the presence of the assenting creditors, so that it is now the law of the case that assenting creditors are not necessary parties to such an appeal. The question before the appellate court was a single one—whether or not the composition should be confirmed. The reversal of the order of confirmation necessarily affected all the parties to the composition, whether they took part in the appeal or not.

■ The assenting creditors make the further point that the objecting creditors should have applied for a stay of distribution pending appeal. This would doubtless have been a prudent course for the objecting creditors; yet I fail to see how their omission to do so should prejudice their rights. The same argument might be made in any case involving restitution after reversal on appeal.

It follows that the referee should have given the trustee the relief prayed for. His order will be reversed and an order entered for the return of the dividends.

In re KERR.

No. 56743.

District Court, S. D. New York.
Oct. 30, 1933.

Benjamin Siegel, of New York City, for trustee.

Henry Hoelljes, of New York City, for respondent.

PATTERSON, District Judge.

The trustee brought a summary proceeding for permission to sell a tapestry as part of the bankrupt estate and for an adjudication that the respondent had no interest in the tapestry. The respondent objected to the jurisdiction of the bankruptcy court to entertain a summary proceeding. After taking proof, the referee held that there was no jurisdiction, and dismissed the proceeding.

At the time of bankruptcy, the tapestry was in possession of one Sabbagh to whom it had been consigned by the bankrupt for sale.

The trustee brought a summary proceeding against Sabbagh to turn the tapestry over. Sabbagh made no opposition, and delivered the tapestry to the trustee. The present respondent was not a party to that proceeding. In the present proceeding, commenced after the trustee had recovered possession of the tapestry, the respondent, who was the bankrupt's sister, gave testimony tending to indicate that she had purchased the tapestry from the bankrupt nearly a year before bankruptcy and had left it with him as agent on consignment. On the other hand, there was evidence that cast doubt upon the alleged sale, as well as evidence that previously the respondent had claimed that she had an interest in the tapestry as security for a debt owed her by the bankrupt. Any such security would be void for lack of change of possession and lack of filing. The referee held that the trustee's remedy was by plenary suit, and dismissed the case for want of jurisdiction.

The basic principle is that the bankruptcy court, like other courts, has jurisdiction to decide controversies over property in its possession. Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. Property is deemed to be in possession of the court when it is in the hands of the bankrupt's agent or bailee at the time when the petition in bankruptcy is filed, or when it is held by another who makes no claim of his own to it. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Johnston v. Spencer (C. C. A.) 195 F. 215; In re Hoey, Tilden & Co. (D. C.) 292 F. 269. In this case the tapestry was in the actual possession of Sabbagh when the petition was filed. Sabbagh derived his possession directly from the bankrupt, who had consigned the article to him for sale. He made no claim to it either for himself or for any one else. These facts would seem to establish the jurisdiction of the court from the inception of the bankruptcy proceeding, however the ultimate facts as to ownership might develop. But the case for jurisdiction is much stronger. In the course of the administration of the estate, Sabbagh turned the tapestry over to the trustee in bankruptcy. From that time forward the property was in actual, not constructive, custody of the court, and the power of the court thereafter to pass upon all claims to it by way of summary proceedings was beyond question. See In re Walsh Bros. (D. C.) 163 F. 352; In re Dana (C. C. A.) 167 F. 529. The referee was therefore in error in holding that he did not have jurisdiction to determine the validity of the respondent's claim to the property.

The matter will be remitted to the referee for decision on the merits.

## WAGNER v. PEACE.

### No. 658.

District Court, M. D. North Carolina.

Feb. 6, 1934.

H. R. Kyser, of Thomasville, N. C., for claimant.

H. E. Olive (of Spruill & Olive), of Lexington, N. C., and D. Newton Farnell, Jr., of Greensboro, N. C., for trustee in bankruptcy.

HAYES, District Judge.

The claimant, Miss Stella L. Wagner, made a loan of $3,000 in money to A. T. Peace, bankrupt, on December 22, 1931, and received from the bankrupt a chattel mort-