### In re I. SHAININ & CO., Inc.

District Court, S. D. New York.
Dec. 4, 1934.

Baar, Bennett & Fullen, of New York City (Emil N. Baar, Arthur Block, and Arthur E. Lehrfeld, all of New York City, of counsel), for petitioner.

Sternfield & Sternfield, of New York City, for trustee.

PATTERSON, District Judge.

The motion is to compel the trustee in bankruptcy to turn over to the sheriff of New York county assets of the bankrupt levied on; also to stay the trustee from proceeding further toward a sale of the assets.

Shenson, the moving party, recovered judgment against the bankrupt in the sum of $17,381.81. Judgment was entered in the Supreme Court on June 26, 1934, and on the same day the sheriff levied execution on all the bankrupt's assets. The bankrupt moved to set aside the judgment. Its motion was denied; thereupon it took an appeal to the Appellate Division, where the appeal is still pending.

On October 24, 1934, within four months after the levy, the bankrupt filed a voluntary petition in bankruptcy. There was a prompt adjudication. The receiver who was appointed demanded of the sheriff that the assets levied on be surrendered to him. The sheriff complied with the demand. Later, a trustee in bankruptcy was appointed and took over possession from the receiver. The trustee instituted a proceeding, on notice, for leave to sell the assets free and clear of liens, and it was this proceeding that aroused the judgment creditor to bring on the present application. The judgment creditor insists that the bankrupt was solvent at the time of the levy; the trustee in bankruptcy insists that the bankrupt was then insolvent.

If the sheriff had stood firm, the bankruptcy court, lacking possession, would have lacked jurisdiction. The situation would then have been like that in Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, and the validity of the lien created by levy could have been questioned only in a plenary suit. But the fact is that the sheriff relinquished to the receiver. From that time on the property was in actual possession of the bankruptcy court. Possession carried with it the power summarily to adjudicate all claims to the property adverse to the trustee. Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Board of Trade of City of Chicago v. Johnson, 264 U. S. 1, 11, 44 S. Ct. 232, 68 L. Ed. 533. The possession acquired by voluntary surrender on the sheriff's part was as effective as if the property had previously been in possession of the bankrupt itself. In re Hymes Buggy & Implement Co., 130 F. 977 (D. C. Mo.); In re Kerr, 5 F. Supp.

898 (D. C. N. Y.); Remington on Bankruptcy, § 2118. It follows that the bankruptcy court has jurisdiction to order the property sold free and clear of liens, permitting claimants to assert liens on the proceeds of sale.

. It may be that the sheriff's retirement was not an abandonment of the lien created by the levy of execution. See In re Boswell, 8 F. Supp. 231 (D. C. N. Y.). But the validity or continuity of the lien is not now in question. The present point is simply whether the bankruptcy court has jurisdiction over the property, and there is not the slightest doubt that it has.

The motion will be denied.