Donnell *v.* Manson.

WILLIAM E. DONNELL & others *vs.* BENJAMIN T. MANSON & others.

An action on a bond given for the purpose of dissolving an attachment, under the Gen. Sts. *c.* 151, § 15, to several obligees, some of whom have since died, is properly brought by the surviving obligees.

In an action on a bond reciting that the plaintiffs had attached the goods and estate of the principal obligors on mesne process in a civil action by virtue of a writ of a certain date and returnable on a certain day to a certain court, and conditioned that the obligors would pay to the plaintiffs the amount they should recover in such action within thirty days after the final judgment therein, the declaration alleged that the plaintiffs recovered final judgment for a certain sum and their costs, and that the judgment was not paid within thirty days. There was evidence that the plaintiffs joined in a petition to enforce their several liens on a vessel for work and materials; that the petition was filed in said court and a process of attachment issued thereon of the said date, in which the said principal obligors were summoned to appear in said court on said return day; that the vessel was seized and held thereon until the giving of the bond in suit; that there was no other action in said court by the plaintiffs against the defendants; that said court entered a judgment establishing the liens, ordering a sale of the vessel and payment to the petitioners severally of certain fixed sums; that these several sums amounted to the sum alleged in the declaration; that the costs were taxed jointly; that an execution or process of sale issued on the judgment; that the vessel could not be found; that thirty days had elapsed since the judgment; and that the judgment was not satisfied. *Held,* that this evidence showed a breach of the bond, and was not a variance.

CONTRACT by William E. Donnell, George H. Leman, James G. Leman, Edward A. Costigan, William Waters, William Waters, Jr., Henry W. Coltman and Patrick J. White against Benjamin T. Manson, Edward K. Harding, Jedediah N. Morrill and George P. Bates. Writ dated September 12, 1870. The declaration was on the following bond, executed by the defendants:

"Know all men by these presents, that we, Edward K. Harding of Bath, state of Maine, merchant, and B. T. Manson of Portland, state of Maine, merchant, as principals, and J. N. Morrill and George P. Bates of Boston, state of Massachusetts, as sureties, are holden and stand firmly bound and obliged unto George H. Leman and James G. Leman, Edward A. Costigan, William E. Donnell, Francis W. Bird, Francis J. Wehrle, William Waters, William Waters, Jr., Henry W. Coltman, Patrick J. White, all having their usual place of business in said Boston, in the full and just sum of five thousand dollars to be paid unto

the said Leman, Leman, Costigan, Donnell, Bird, Wehrle, Wa-
ters, Waters, Jr., Coltman and White and their executors, admin-
istrators or assigns ; to which payment well and truly to be made
we bind ourselves, our heirs, executors and administrators, jointly
and severally, firmly by these presents. Sealed with our seals.
Dated second day of July in the year of our Lord one thousand
eight hundred and sixty-eight.

" The condition of this obligation is such, that whereas the said
George H. Leman and other persons named as obligees have caused
the goods and estate of Charles Spear and Harding and Manson
to the value of five thousand dollars to be attached on mesne
process, in a civil action, by virtue of a writ bearing date the sev-
enteenth of February A. D. 1868, and returnable to the superior
court next to be holden at Boston within and for the county of
Suffolk, on the third Monday of March 1868, in which said writ
the said Leman and others are plaintiffs, and the said Spear and
Manson and Harding are defendants ; and whereas the said de-
fendants wish to dissolve the said attachment, according to the
provisions of the General Statutes in such cases made and pro-
vided : Now, therefore, if the above bounden Harding, Manson,
Morrill and Bates shall pay to the plaintiff in said action the
amount, if any, which he shall recover therein within thirty days
after the final judgment in said action, then the above written
obligation shall be null and void ; otherwise to remain in full
force and virtue." The bond bore this certificate : " Suffolk, ss.
July 2, 1868. Upon the assent of the attorney of the plaintiffs
I deem said bond above sufficient. James B. Richardson, Master
in Chancery ; " and also the written assent of the attorney of the
obligees.

The declaration alleged that in the action named in the bond
the plaintiffs recovered final judgment in the superior court for
this county for the sum of $2115.71 debt or damage, and for their
costs taxed at $726, and that more than thirty days had elapsed
since the judgment, but that the defendants had not paid it, and
it was in no part satisfied. The case was submitted to the judg-
ment of the court on an agreed statement of facts substantially
as follows :

The plaintiffs, together with Francis W. Bird and Francis J, Wehrle, joined their several claims, six in number, in one petition to enforce a lien on a vessel called The Starlight, for work and materials furnished thereto. The petition was filed in the superior court for this county and a process of attachment issued thereon, dated February 17, 1868, and returnable to said court on the third Monday of March 1868, " in which the officer was or-, dered to summon the said Manson and Harding to appear and answer on said return day, and said vessel was seized and held thereon until the giving of the bond in suit when she was released." The defendants executed the bond in suit. Bird and Wehrle died during the suit, and H. A. Johnson was appointed the administrator of their estates and came in under the petition. Subsequently, and after the decision in *Donnell* v. *The Starlight*, 103 Mass. 227, the superior court, on May 26, 1870, entered a decree or judgment " that said liens be and are established, and that sale be made of the said vessel, her tackle, apparel and furniture, by public auction in the city of Boston, to the highest bidder, in the manner and form prescribed by law, and pay over to the said petitioners in satisfaction of their liens the following sums, which have been found and adjudged due and owing upon the causes of action stated in said petition ; to wit, for said George H. Leman and James G. Leman the sum of three hundred forty-one dollars and eighty-two cents ; for said Edward A. Costigan the sum of one hundred and sixty-five dollars and forty-seven cents ; for said William E. Donnell the sum of nine hundred thirty-two dollars and eight cents ; for H. A. Johnson, administrator of the goods and estate of said Bird and Wehrle, the sum of one hundred sixty-nine dollars and eighty-five cents, said Bird and Wehrle having deceased, and said Johnson having been allowed to come in and prosecute ; for said Waters, Waters, Jr., and Coltman the sum of four hundred and twelve dollars and twenty-five cents ; and for said White the sum of ninety-four dollars and twenty-four cents, and seven hundred twenty-five dollars and ten cents costs of suit, and with one dollar more for this decree, if so much there be, and the residue, if any, to be paid over to the said Spear, Manson and Harding."

The execution or precept for sale of the vessel, and payment according to the terms of the judgment, was issued thereon, and the officer to whom it was intrusted made return that he had sought for the vessel and could not find her, and that he returned the precept in no part satisfied. " There was no other action pending in said court at said time by plaintiffs against these defendants." The defendants objected to the admission in evidence of this judgment.

If on these facts the plaintiffs were entitled to recover, judgment to be entered for them for the amount of the said decree or judgment, with interest and costs ; otherwise for the defendants ; the court to draw such inferences of fact as a jury might legally draw.

*A. Churchill & J. B. Thayer*, for the plaintiffs.

*H. G. Hutchins*, for the defendants.

MORTON, J. This is an action upon a bond given to dissolve an attachment under the Gen. Sts. *c.* 151, § 15.* After the bond was executed two of the obligees died, and the action is brought by the surviving obligees. The defendants object that the suit cannot be maintained without joining the executors or administrators of the deceased obligees. But the contract of the defendants is with the obligees jointly ; the form of the contract is joint and the legal interest in the subject matter of the contract is vested in them jointly. When this is the case the survivors are the proper parties to sue. *Anderson* v. *Martindale*, 1 East, 497. *Rolls* v. *Yate*, Yelv. 177 (Am. ed.) & notes. *Stowell* v. *Drake*, 3 Zab. 310. *Smith* v. *Franklin*, 1 Mass. 480.

---

* " Such lien may be enforced by petition to the superior court for the county where the vessel was at the time the debt was contracted or in which she is at the time of instituting proceedings. The petition may be entered in court or filed in the clerk's office in vacation, or may be inserted in a writ of original summons, with an order of attachment, and served, returned, and entered as other civil actions, and the subsequent proceedings for enforcing the lien shall, except as hereinafter provided, be as prescribed in chapter one hundred and fifty for enforcing liens on buildings and land, so far as the same are applicable. At the time of entering or filing the petition, a process of attachment against such ship or vessel, her tackle, apparel, and furniture, shall issue and continue in force, or may be dissolved like attachments in civil cases, but such dissolution shall not dissolve the lien."

The defendants object that no breach of the condition of the bond is shown. It is admitted that the only action pending in the superior court in favor of the obligees as plaintiffs against these defendants, is an action to enforce the plaintiffs' liens against the steamer Starlight, in which Spear, Manson and Harding are made defendants. The description in the condition of the bond identifies this as the action referred to therein, by the parties and by the date and return day of the writ. It can apply to no other action, and it is found in the facts agreed that this bond was given to dissolve an attachment of the steamer Starlight made in that action. The breach of the condition claimed by the plaintiffs is that the defendants have not paid the amount recovered in said action within thirty days after the final judgment therein. The facts agreed prove this breach. They show that on May 26, 1870, the superior court rendered a judgment in said action establishing the liens claimed, decreeing a sale of the steamer, and adjudicating the amounts due and owing to the several plaintiffs upon the causes of action stated in their petition. This was " the final judgment in said action " within the meaning of the condition of the bond in suit, and the failure of the defendants to pay the amount recovered therein within thirty days after its rendition, was a breach of said condition. The objection that this judgment is not admissible under the declaration, because it is not a joint judgment in favor of all the plaintiffs, cannot prevail. Although the judgment fixes the amount due to each plaintiff, it is a joint judgment against the vessel and the defendants therein. The costs are taxed jointly and only one execution was or could be issued to enforce it. Upon the whole case we are unable to see any defence to the plaintiffs' claim.

*Judgment for the plaintiffs.*