## McNamee v. Carpenter.

1. **Promissory Note**: ACTION ON: JOINT OWNERS. One of two joint owners of a promissory note cannot maintain an action thereon in his own name without joining the other owner, though the note is payable to bearer and is in his possession.

*Appeal from Fayette Circuit Court.*

SATURDAY, JUNE 11.

ACTION upon a promissory note executed by the defendant to Mason A. and Phebe King. Mason A. King is dead, and the action is brought by the plaintiff as administrator of his

estate. The defendant for answer averred, among other things, that Phebe King was the owner of one half of the note, and the jury found specially that this allegation was true. They also found that the plaintiff's intestate at the time of his death was the owner of the other half. There was no general verdict, but the court rendered judgment in favor of the plaintiff for the full amount of the note. The defendant appeals.

*James Cooney* and *D. W. Clements*, for appellant.

*C. B. Kennedy*, for appellee.

ADAMS, CH. J.—If the defendant is liable to Phebe King for one half of the note, it was his right to resist the recovery of judgment by plaintiff for the full amount. He might, indeed, resist any recovery, for defendant should be subjected to but one action. The Code contemplates that the joint owners of a note should, in a suit thereon, be joined as plaintiffs, unless some refuse to join, in which case the joint owners so refusing should be made defendants. Section 2548.

The plaintiff, however, insists that the action was rightly brought, because the plaintiff held the legal title to the half owned by Mrs King, as well as to the other half. This position is based upon the fact that the note is payable to bearer, and the undisputed evidence was that Mrs. King delivered the note to plaintiff. But the plaintiff was as much entitled to possession as she was, by reason of the mere fact that he held the title to one half as administrator. We discover nothing in the evidence tending to show that Mrs. King, by delivering the note to the plaintiff, intended to affect her right or interest in the same. She may have intended that the plaintiff should put the note in suit, if not collected otherwise, but she doubtless supposed that if he did so he would cause it to be sued in the manner required by law where a note is owned jointly by two persons. It appears to us that the record does not show that the plaintiff was entitled to

judgment.   Having reached this conclusion it is unnecessary to consider the other points raised by the defendant.   It will be time enough to consider them when the proper persons are made parties.                                        REVERSED.