FIRST NATIONAL BANK OF ROCK ISLAND, ILLINOIS, *vs.* THOMAS H. LOYHED.

November 11, 1881.

**Answer—Denial of Plaintiff's Corporate Existence.**—In an action by a corporation, a denial in the answer of knowledge or information sufficient to form a belief as to whether plaintiff is a corporation, will not impose upon plaintiff the necessity of proving on the trial its corporate existence. Gen. St. 1878, *c.* 66, §§ 112, 114.

**Signature by Agent.**—It is competent for an agent to sign simply the name of the principal. The fact that it was placed there by an agent need not appear on the paper.

**Promissory Note—Possession by Indorsee Evidence of Indorsement by Corporation.**—Gen. St. 1878, *c.* 73, § 89, which provides that, in actions brought on promissory notes or bills of exchange by the indorsee, the possession of the note or bill shall be *prima facie* evidence that the

same was indorsed by the person by whom it purports to have been indorsed, applies to indorsements purporting to be made by corporations, as well as to those purporting to be made by natural persons.

Same—Bank held not chargeable with Notice of Equities.—Where a negotiable promissory note is discounted by a bank through its cashier, the mere fact that such cashier was a stockholder and director of the corporation, payee and indorser of the note, will not charge the bank with notice of any equities against the paper; it affirmatively appearing that the cashier had no duties to perform in reference to the note, either as stockholder or director of the payee, and had no actual notice of any equities against the note.

Appeal by defendant from an order of the district court for Rice county, *Buckham, J.*, presiding, refusing a new trial. The case is stated in the opinion.

*Case & Gipson,* for appellant.

The cashier of plaintiff was vice-president and director of the corporation, payee and indorser, and therefore the bank was chargeable with notice of any defences to the note. *Toll Bridge Co. v. Betsworth,* 30 Conn. 380; *Fishkill Savings Inst. v. National Bank of Fishkill,* 80 N. Y. 162; *Holden v. New York & Erie Bank,* 72 N. Y. 286; *Bennett v. Buchan,* 76 N. Y. 386; *National Security Bank v. Cushman,* 121 Mass. 490; *North River Bank v. Aymar,* 3 Hill, 262; *Manny v. Glendinning,* 15 Wis. 55; *New Hope & Delaware Bridge Co. v. Phenix Bank,* 3 N. Y. 156.

*A. D. Keyes,* for respondent.

MITCHELL, J. Action by plaintiff, a corporation, as indorsee and innocent purchaser for value, before maturity, of a negotiable promissory note, executed by defendant to B. D. Buford & Co., also a corporation. The errors assigned by defendant are that the court below erred (1) in denying his motion to dismiss the action when plaintiff rested; (2) in refusing to give to the jury certain instructions requested by defendant; (3) in directing the jury to find a verdict for plaintiff. As all the questions raised by the first two points will be included and necessarily involved in the last, it will be only necessary to consider whether the court erred in directing a verdict for plaintiff.

The defendant contends that this direction was error, because plaintiff had failed to prove that it was a corporation. There are two sufficient answers to this: *First*, inasmuch as the answer simply denied knowledge or information sufficient to form a belief as to whether plaintiff was a corporation, it was not necessary for plaintiff to offer any evidence on that point. Gen. St. 1878, c. 66, §§ 112, 114. *Secondly*, the copy of the organization certificate of the plaintiff bank, certified and sealed by the comptroller of the currency, is legal and sufficient evidence of the corporate existence of such bank. *First Nat. Bank of Memphis* v. *Kidd*, 20 Minn. 234.

The next contention of defendant is that plaintiff had failed to prove that the indorsement of the corporation, B. D. Buford & Co., on the back of the note, was made by any authorized agent of said corporation. The indorsement is as follows: "Pay to the First National Bank of Rock Island, Illinois, or order. B. D. Buford & Co." This indorsement is sufficient in form. It is competent and proper for an agent to sign simply the principal's name. The fact that the name was placed there by an agent need not appear upon the note. 1 Daniel on Neg. Inst. § 299; 1 Parsons on Notes & Bills, 91, 92; *Brigham* v. *Peters*, 1 Gray, 139; *First Nat. Bank* v. *Gay*, 63 Mo. 33; *Morse* v. *Green*, 13 N. H. 32; *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Davidson* v. *Stanley*, 2 Man. & G. 721. The fact that the indorsement purports to have been made by a corporation, which could act only through agents, is immaterial. In the absence of anything in the charter to the contrary, the general principles applicable in case of agents of a corporation are the same as in case of agents of a natural person. This brings the present case within the statute, which provides that in actions brought on promissory notes or bills of exchange by the indorsee, the possession of the note or bill is *prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed. Gen. St. 1878, c. 73, § 89. There is no foundation for the position that this statute only applies to indorsements purporting to be made by natural persons. Our statutes expressly provide that the word "person" may extend and be applied to bodies politic and corporations. Gen. St. 1878, c. 4, § 1. To

limit the statute first cited to indorsements purporting to have been made by natural persons would, in a great degree, defeat the object for which the statute was enacted, inasmuch as a large part of the commercial paper of the country passes through the hands of banking, manufacturing, and other corporations. The possession of this note by plaintiff was *prima facie* evidence that the indorsement was made by B. D. Buford & Co., and there was no evidence to rebut it.

Lastly, the defendant contends that the court erred in directing a verdict for plaintiff, because the evidence showed that it was chargeable with notice of defendant's equities against the note when it was discounted. The evidence is uncontradicted that the bank became the purchaser and indorsee of the note before maturity and in the regular course of business, for a valuable consideration; that the business was transacted on the part of the bank by its cashier, J. M. Buford, who had never seen or heard of the note until it was presented at the bank for discount, and had no actual notice of any defence or equities on the part of defendant. But defendant insists that because J. M. Buford was a stockholder and director of the B. D. Buford & Co. corporation, therefore he was chargeable with notice, and that notice to him was notice to the bank. It appears, also, that said J. M. Buford had no duties to perform in reference to this note, either as stockholder or director of B. D. Buford & Co. It is unnecessary to consider, in this case, under what circumstances actual notice to an agent is notice to his principal. It is sufficient to say that notice, in order to charge the indorsee of negotiable paper, must be actual, and not merely constructive. In all the cases cited by defendant the agent had actual notice. The case of two partnerships, having members common to both, is not analogous. That case depends upon the fact of the mutual agency of each partner for all the others, and hence actual notice to one partner is deemed actual notice to all.

There are no other points necessary to be considered.

Order affirmed.