## DANA, Ex'x, *v.* PARKER.

*(Circuit Court, D. Massachusetts. April 9, 1886.)*

ACTION—PARTIES—JOINT BOND.

    S. L. B. and E. B. became sureties on a trustee's bond, and P. and H. executed a bond as sureties to indemnify them. E. B. indorsed on the trustee's bond an agreement to indemnify S. L. B. Subsequently the executrix of E. B brought suit on the bond against P *Held*, that as it did not appear that S. L B., the joint obligee, was not living, the plaintiff was not the proper party to sue, and that the suit should be dismissed.

At Law.

*A. S. Wait,* for plaintiff.

*Hutchins & Wheeler,* for defendant.

Colt, J. In 1871 John H. Swasey, of Boston, applied to the probate court for the county of Grafton, in the state of New Hampshire, to be appointed trustee for Benjamin M. Swasey; and it being necessary for him to furnish two sureties, residents of New Hampshire, upon his bond, Edmund Burke, the plaintiff's testator, and Shepherd L. Bowers agreed to become sureties, provided they were secured by a bond of indemnity, with the defendant, Parker, and one Jacob Hittinger, as sureties thereon. The bond of indemnity was given, and is the subject-matter of the present suit. The suit is brought by the executrix of Burke, one of the two joint obligees, against Parker, one of the sureties on the bond. The case comes before the court on an agreed statement of facts. At the outset the objection is raised by the defendant that the plaintiff is not the proper person to bring the action. We think the objection well taken. It does not appear but what Bowers, the joint obligee, is living, and, if so, he is the proper person to bring suit, for, Burke being dead, the right of action survives to the other joint obligee. Dicey, Parties, 128; *Donnell* v. *Manson,* 109 Mass. 576. "It is an elemental principle of the common law that where a contract is joint and not several, all the joint obligees who are alive must be joined as plaintiffs, and that the defendant can object to a non-joinder of plaintiffs, not only by demurrer, but in arrest of judgment, under the plea of the general issue." *Farni* v. *Tesson,* 1 Black, 309, 315.

The fact that Burke indorsed on the bond of indemnity an agreement to indemnify Bowers cannot affect the question now raised, nor can it be said that the agreement of facts operated as a waiver of this objection, because the legal right to bring the action does not exist in the plaintiff, but in Bowers, the surviving joint obligee. Suit dismissed.