· NATIONAL BANK OF BATTLE CREEK vs. GEORGE MALLAN and another.

## November 7, 1887.

*Negotiable Instruments—Indorsement by Corporation—Presumption of Authority.*—Under Gen. St. 1878, c. 73, § 89, the possession of a note by an indorsee purporting to be indorsed by a corporation is *prima facie* evidence that it was so indorsed, without proof that the person who made it had authority to do so.

The plaintiff, as indorsee, brought this action in the district court for Goodhue county upon two promissory notes made by the defendants. The answer alleged a want of consideration, by reason of the breach of a warranty made upon the sale of a threshing-machine, for a part of the purchase price of which the notes were given. The answer also denied that plaintiff was a purchaser for value before maturity. Upon the trial, before *Crosby*, J., and a jury, the notes, indorsed as stated in the opinion, being offered and received in evidence against defendants' objection and exception, the plaintiff rested its case. Defendants then offered evidence to prove the want of consideration, which was excluded, there being no evidence to prove that plaintiff was not an indorsee for value before maturity. Defendants appeal from an order refusing a new trial.

· *J. C. McClure,* for appellants.

*W. C. Williston,* for respondent.

GILFILLAN, C. J. Action on two promissory notes made by defendants, each payable to the order of "Nichols, Shepard & Co., an incorporated company," and each indorsed: "Protest waived. NICHOLS, SHEPARD & Co." On their being offered in evidence with the indorsements, by the plaintiff at the trial, defendants objected to the indorsements being received, on the ground that no sufficient foundation was laid to authorize their admission in evidence. To sustain this objection, the proposition is made here that the indorsements were not admissible except on proof that they were made by some officer or agent of the corporation having authority to make them. The point is covered by the provisions of Gen. St. 1878, c. 73, § 89,

to the effect that "the possession of the note or bill is *prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed." This applies as well to an indorsement by a corporation as by a natural person. These notes purport to be indorsed by the corporation, and plaintiff's possession of the notes establishes *prima facie* that the indorsements are its genuine indorsements,—establishes *prima facie* the fact that they are in the genuine handwriting of some officer or person having authority to make them, for without that fact they were not made by the corporation. The case comes within the decision in *First Nat. Bank* v. *Loyhed*, 28 Minn. 396, (10 N. W. Rep. 421.)

Order affirmed.