ROBINSON *et al. v.* HINTRAGER.

*(Circuit Court, N. D. Iowa, E. D.*   December 6, 1888.)

PARTNERSHIP—SURVIVING PARTNERS—ACTIONS—PARTIES—JOINDER.
  Under Code Iowa, §§ 2543–2545, requiring actions to be brought in the name of the real party in interest, except that an executor or administrator, guardian, trustee of an express trust, a party in whose name a contract is made for another's benefit, or a person expressly authorized by statute may sue without joining the interested party, and providing that all parties having an interest in the subject of the action, and in obtaining the relief demanded, may be joined, unless otherwise provided, an administratrix of a deceased partner should not be joined with the survivor in an action against the firm's debtor on an account stated, before settlement of the partnership and distribution of the assets, as, while she has an interest in the proceeds, she has none in the chose in action itself, the title to which, upon her intestate's death, passed to the survivor.

At Law.   On motion to dismiss for misjoinder of plaintiffs.

Action on contract by Laura P. Robinson, administratrix of the goods and chattels of F. M. Robinson, and J. B. Powers, survivor of himself and said Robinson, lawyers, partners as Robinson & Powers, against William Hintrager, for legal services rendered by said firm to the defendant.

  *Powers & Lacy,* for plaintiffs.
  *D. W. Cram,* for defendant.

SHIRAS, J. This action is brought upon an account stated for legal services rendered for the benefit of defendant by the late firm of Robinson & Powers. The administratrix of F. M. Robinson, who died in 1885, is joined as a party plaintiff with J. B. Powers, the surviving partner, and the defendant now moves to dismiss the action as to the administratrix on the ground that she cannot be properly joined as a co-plaintiff with the surviving partner. The sections of the Code of Iowa applicable to the question are as follows:

"Sec. 2543. Every action must be prosecuted in the name of the real party in interest, except as provided in the next section. Sec. 2544. An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the suit is prosecuted. Sec. 2545. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided in this Code."

On part of the plaintiffs it is claimed that the administratrix is interested in the subject of the action in such sense that she is a proper party to the action, within the true meaning of section 2545, just cited. Is this true? The administratrix of the estate of F. M. Robinson doubtless has an interest in the partnership affairs, and in the surplus left after the debts of the partnership are paid; but it does not follow that she has such an interest in the several items of property belonging to the partnership as will enable her to maintain an action thereon. The subject of the action against the defendant is the account stated, and, before the administratrix can be joined in an action to recover thereon, it must appear that she has an interest in this specific chose in action. If she has such an interest within the meaning of section 2545 of the Code, then the surviving partner could not maintain the action without her presence, if the defendant insisted thereon. Counsel for plaintiffs in argument claimed, that while the administratrix was not a necessary party plaintiff, she was a proper party, and it was optional with the surviving partner to make her a co-plaintiff or not. There are cases in which it is optional with the plaintiff to unite certain parties as defendants, and so also it may be optional with the plaintiff to determine whether two or more causes of action shall be united in one action; but it is not optional with the plaintiff to determine that, as to one cause of action only, one of several parties interested therein may sue thereon. The action being brought by only part of those interested, it is for the defendant to determine whether such action shall be maintained without the presence of the others who are interested. The defendant has the right to insist that there shall be but one action upon the one subject-matter of controversy, and that all interested adversely to him shall be made parties plaintiff. Thus in *McNamee* v. *Carpenter*, 56 Iowa, 276, 9 N. W. Rep. 218, the supreme court of Iowa held that, where a promissory note was owned jointly by two persons, one of whom died, an action thereon could not be maintained by the one party, even for his own share, and that the de-

fendant had the right to insist upon the non-joinder of the administrator of the deceased party as a defense to the entire action. The subject-matter in controversy in this action is single and indivisible, and the defendant has the right to insist that all parties interested in such cause of action shall be made parties plaintiff; yet, would it be claimed that, if the action had been brought by the surviving partner alone, the defendant could by motion, demurrer, or otherwise have insisted that the administratrix of the deceased partner should be made a co-plaintiff? Clearly not. Yet, if she has an interest in the subject of the action within the meaning of section 2545, the defendant would have the right to insist that she be made a party plaintiff, in order that the rights of all interested might be determined in the one action. The very fact that the defendant cannot insist upon the presence of the administratrix as a co-plaintiff is because she has no such interest in the subject of the action as is contemplated by section 2545 of the Code, and, lacking that interest, she cannot be properly joined as a co-plaintiff with the surviving partner in this action.

Should the plaintiff Powers for any reason dismiss the action so far as he is concerned, what would be the issue remaining between the administratrix and the defendant, and what judgment could be entered thereon? If the defendant should prove that the services had not been rendered, or that the same had been fully paid for, and a judgment for these reasons should be entered in favor of defendant, of what avail would it be as against another action brought by the surviving partner to recover the whole account? On the other hand, should the evidence show that the services charged for had been rendered, and the account remained unpaid, what judgment could be rendered in favor of the administratrix? Certainly not for the whole amount due; yet, if not, how could the court in this action determine what portion thereof belonged to the administratrix? It is not necessary to elaborate these suggestions to show that the administratrix has no separate or distinct interest in the subject of the controversy, and that the action could not proceed without the presence of the surviving partner as a plaintiff. If, however, the administratrix and the surviving partner unite in the action, what right in or control over the cause of action or any part of it is possessed by the administratrix? The usual rule is that an admission made by a party to the record, being a party in interest, is admissible in evidence against him. Should defendant upon the trial offer evidence to prove that the administratrix, since her appointment as such, had admitted that the amount charged was exorbitant, or that no account had ever been stated or settled, or that the same had been paid, would such admission be admissible as against the surviving partner? Should evidence be offered to prove that since the suit had been brought the administratrix had received payment in full of the account sued on, would such fact defeat the right of recovery of the surviving partner? If judgment should be entered in favor of the plaintiffs, as now made on the record, could the administratrix settle or compromise the judgment or any part of it, and thereby defeat the right of the surviving partner to collect the whole of the judg-

ment, and use the same in payment of the debts of the partnership? Unless it be held that the sections of the Code hereinbefore cited are intended not only to define who are proper parties to actions, but also to radically change the law regarding the settlement of partnerships, and the rights and duties of surviving partners, it follows from the considerations suggested that the administratrix of the deceased partner cannot by admissions made, nor by releases executed, nor by any action on her part, defeat the paramount right of the surviving partner to collect the assets of the partnership. If, then, the administratrix has no such interest in the subject of the action that she can maintain an independent suit thereon; and no such interest as that, when the surviving partner sues alone, the defendant is entitled to insist on her being joined as a co-plaintiff; and no such interest as authorizes her to compromise or settle the claim in whole or in part; and no such interest as entitles the defendant to rely upon or offer in evidence any admission or release executed by her,—how can it be fairly said that she has such an interest in the subject of the action as entitles her to join in the suit against the defendant?

Counsel for plaintiff cite in argument several sections of Pomeroy on Remedies, which it is claimed support the right of joinder in the present action. Such is not the true reading thereof. Section 198 is applicable to cases wherein there are joint obligees or promisees, and one of them dies. In such case the interest of the deceased passes to his legal representatives, and at the common law it was held that a joint action could not be maintained by the surviving promisees and the representative of the deceased party, but each must sue separately for the interest held by each. In this section the author shows that the change made by the statute was to enable the parties in interest, although the interest of the administratrix was equitable and that of the others was legal, to unite in one action. This is only a statement of the rule announced by the supreme court of Iowa in *McNamee* v. *Carpenter*, already cited. Section 199 shows the further modification produced by the statute to be that—

"If the persons have any interest whether complete or partial, whether absolute or contingent, whether resulting from a common share in the proceeds of the suit or arising from the stipulations of the agreement, the language applies without any limitation or exception, and without any distinction suggested between actions which are equitable and those which are legal."

This language, broad as it is, still recognizes the test to be that each party joined as a plaintiff must have an interest in the subject-matter of the action. It is also urged that the plaintiffs are deemed to be tenants in common of the partnership assets, and as such may be joined in this action; and in support of this position is cited the case of *Sage* v. *Woodin*, 66 N. Y. 578, in which it is said:

"The death of Charles E. Case operated as a dissolution of the firm of Case, Woodin & Conger, and the administrators of his estate, upon their appointment, became tenants in common with the survivors of the partnership property, subject to the right of the surviving partners to its possession and management, for the purpose of closing up the partnership affairs. 1 Pars. Partn. 440. The representatives of Case, as his successors in interest, were entitled

to an accounting with the surviving partners, and to receive his share of the surplus assets."

The question under consideration in this cause before the court of appeals was not whether such an interest vested in the administrator in each item of property belonging to the firm as would enable the administrator to join in an action therefor, but simply that the interest vested in the administrator was subject to the right of the surviving partners to the possession and management of the assets, for the winding up of the partnership affairs. Here, it seems to me, is the error in the reasoning relied upon by plaintiffs' counsel. They seem to overlook the fact that the chose in action forming the subject of the action is part of the assets of a partnership whose existence has been terminated by the death of one of the partners. The account sued on belonged to the firm, and, upon its dissolution by the death of one of the partners, the surviving partner became, so to speak, the administrator or legal representative of the firm or partnership, with full power, right, and authority to collect all the assets, pay the debts, and wind up the business of the partnership; being, of course, accountable to the estate of the deceased partner for the share in the surplus assets belonging to the estate. The administratrix of the deceased partner, upon her appointment, did not become possessed of an interest or title, either legal or equitable, in and to the several choses in action forming the assets of the partnership, in such sense that she could maintain an action to recover the whole or any named part thereof. These assets pass to the surviving partner, as the representative of the partnership, and the administratrix has no such interest therein as entitles her to join with the surviving partner in a suit to recover the same. That this is the correct conclusion seems to me to be fairly held by the supreme court of Iowa in *Brown* v. *Allen*, 35 Iowa, 306, in which it is said:

"As the surviving partner is the trustee of a resulting trust, as such he has the right to close up the affairs of the partnership; and, until the affairs of the partnership are wound up, the representatives of the deceased have no such interest in the partnership property as would make them necessary parties with the surviving partner in an action for an injury to the property of the partnership. The interest, if any, of the heir or administrator in the partnership effects, can only be ascertained when the affairs of the partnership are closed up, * * * so that, in an action by the surviving partner for an injury to the property of the partnership, the personal representative cannot be said to be a real party in interest with the survivor."

Regard must also be had to the position of the surviving partner in this: that his right to maintain an action in his own name does not spring out of an absolute ownership of the assets of the firm. The right to maintain the action in his own name grows out of the fact that the law casts upon him the duty of collecting the assets of the partnership, and applying them, first, to the payment of the debts, and then distributing the surplus among the parties entitled thereto. The firm or partnership has a legal existence other and different from that of the individuals composing it. Upon its termination by the death of one of its members, the law casts upon the survivor the duty and obligation of collecting the assets and paying the debts of the firm, and then distributing the sur-

plus. This is a duty the surviving partner owes to the creditors and others interested. It is not a duty which it is optional with the surviving partner to assume or not at his pleasure. He is derelict in the performance of his duty if he does not undertake it. In effect, the surviving partner becomes the administrator of the estate of the defunct firm, and as such the law charges him with the payment of the debts and the duty of collecting the assets; and, to enable him to perform this duty, he is clothed with the power of collecting, in his own name, as surviving partner, the debts due the firm. Not only is such duty imposed upon the surviving partner in the interest of creditors and of the representatives of the deceased partner, but it is also for the convenience and protection of the debtors of the firm. By the concentration of the right and duty to collect the assets of the firm in the person of the surviving partner, it is made clear to the debtors with whom they should deal in settling and paying the debts due from them. If, however, it should now be held that the administrator of a deceased partner has such an interest in the several choses in action belonging to the firm that he is entitled to join as plaintiff with the surviving partner in an action based thereon, then it is difficult to avoid the conclusion that the debtor would be compelled to ascertain, at his peril, what interest was held by the administrator, and make payment to him of that amount. That this would create difficulties and uncertainties is apparent, and no reason exists for creating them by the recognition of the right claimed by plaintiffs, to-wit, that of uniting the administratrix of the deceased partner as a co-plaintiff with the surviving partner in a suit to recover a chose in action forming part of the partnership assets. Of course, when a settlement of the partnership affairs has been had, and the surplus assets have been distributed, so that it has been settled what interest belongs to the estate of the deceased partner, and what to the surviving partner, there we have a case of joint ownership of the chose in action, the respective interests of the joint owners being now fixed and defined; and in such case suit should be brought in the name of the joint owners. The judgment can define the interest or shares owned by the parties respectively, and the defendant, knowing the rights of each, can settle with each without risk. The record in this cause fails to show that such settlement and distribution has been made, and the right to join the administratrix and surviving partner is claimed upon the broad ground that, before such settlement and distribution, the administratrix has such an interest in the specific choses in action belonging to the partnership that she is entitled to join in the action for the recovery thereof. This claim is not sustainable, either upon the principle regulating the settlement of partnership estates or upon the authority of the adjudged cases; and, consequently, it must be held that there is a misjoinder of parties plaintiff, and the motion to dismiss, as to the administratrix, must be sustained, with leave to continue the action in the name of the surviving partner.