BIRDSALL et al. v. DELAWARE & H. CO.

(District Court, M. D. Pennsylvania. June Term, 1914.)

No. 622.

1. EXECUTORS AND ADMINISTRATORS (§ 438*) — ACTIONS — JOINT OBLIGEES — CAUSE OF ACTION—RIGHTS OF SURVIVORS.

Where plaintiffs, with certain others since deceased, executed an instrument called a "mining lease," by which the lessee obligated itself to mine not less than 20,000 tons of coal per annum or pay $6,000 a year, plaintiffs' interest under the contract was personalty, and, they being joint obligees and not tenants in common, the surviving obligees were entitled to sue without joining the personal or legal representatives of those who had died.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790; Dec. Dig. § 438.*]

2. PARTIES (§ 4*)—INTEREST—ASSIGNMENT.

Where a suit was instituted to enforce collection of payments due from an obligee under a mining lease, defendant could not object that one of the legal plaintiffs had made an assignment of his interest in the cause of action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 4; Dec. Dig. § 4.*]

Action by William S. Birdsall and another against the Delaware & Hudson Company. On demurrer to defendant's plea in abatement. Overruled.

S. B., C. B. & J. H. Price, of Scranton, Pa., for plaintiffs.
Welles & Torrey, of Scranton, Pa., for defendant.

WITMER, District Judge. The plaintiffs with James Scott, George H. Birdsall, and Maria L. Bailey, since deceased, on October 24, 1890, made and executed an instrument, known as a "lease," whereby the lessee obligated itself to mine and pay for not less than 20,000 tons of prepared coal per annum or pay $6,000 a year. The defendant took possession of the land and began mining coal, and paid the minimum $6,000 annually until April, 1902, since when they have not made any payment. This suit is brought to enforce collection of the payments due.

The defendants plead in abatement: First, that the parties are only entitled to recover jointly and the interests of James Scott, George H. Birdsall, and Maria L. Bailey are vested in their personal representatives and heirs and they should be made parties; second, Charles E. Hackley, one of the plaintiffs named in the action, has no interest in the cause of action alleged in the declaration.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The plaintiffs sue, not as tenants in common with others, owners of a certain interest in real estate, but as the surviving joint obligees of an instrument given therefor in satisfaction of the purchase money. Their interest is in personalty, and does not savor of the real estate. Lazarus' Estate, 145 Pa. 1, 23 Atl. 372. The parties can here not be regarded as tenants in common. They are practically in the same position as if suing on a bond or note given to secure the purchase money. The case is not within the exception to the general rule of joint obligees invoked by the defendant relating to covenants with tenants in common. The personal or legal representatives of the deceased obligees or promisees are therefore not necessary parties to the suit. The right of action vests in the surviving plaintiffs. 15 Enc. of Pl. & Pr. 531, 532; 1 Chitty on Pleading, 19 (14th Am. Ed.); Penn v. Butler, 4 Dall. 354, 1 L. Ed. 864, Fed. Cas. No. 10930; Dana v. Parker (C. C.) 27 Fed. 263; Robinson v. Hintrager (C. C.) 36 Fed. 752.

[2] As to the second objection, it is sufficient to note that the suit is by the legal plaintiff. Though there has been an assignment by him, there may be a recovery, and the defendant is not permitted to dispute the form of the suit.

The demurrer is sustained, and the defendant is directed to plead in bar.