# NORTHWESTERN NATIONAL BANK & TRUST COMPANY v. C. R. HAWKINS.[1]

June 23, 1939.

No. 32,067.

[1]Reported in 286 N. W. 717.

*Faegre, Benson & Krause* and *Armin M. Johnson,* for appellant.
*H. G. Haugland* and *Oscar G. Haugland,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order denying its motion for new trial after the court had dismissed plaintiff's cause during the course of

trial. The reasons for the order granting dismissal will be stated later.

The action was brought upon a promissory note admittedly executed by defendant. It reads:

"Minneapolis, Minn. May 6, 1930   $5,000.00

"On Demand after date (without grace) I promise to pay to the order of Landers-Morrison-Christenson Incorporated

"Five Thousand 00/100 - - - - - - - Dollars with interest at the rate of 6 per cent per annum until paid. Value received. Payable at The Northwestern National Bank of Minneapolis. Present-ment for payment, protest and notice of dishonor waived by each maker, endorser and guarantor hereof.

"[Signed]   C. R. Hawkins."—

and bears the following indorsements:

"Pay to the order of
"Landers-Morrison-Christenson Co.
"Landers-Morrison-Christenson, Incorporated
"By E. H. Norblom
          "Prest
"Feb 17 1931 Paid by dividend $400.00
"Jan 29 1932 Paid by dividend   400.00
"Landers-Morrison-Christenson Co.
"By A. S. McLaughlin Vice Pres."

The complaint avers:

"That said Landers-Morrison-Christenson Company, for a valuable consideration, endorsed and negotiated said promissory note to the plaintiff herein, and plaintiff thereby became the owner and holder thereof and at all times since has been and now is the owner and holder thereof."

At the trial the note was offered and received in evidence, defendant admitting the genuineness of his signature. He had no objection "to what appears on the face of the note, but without some testimony as to the transactions which appear on the back of it we wish to make objection that it is immaterial at this time."

Plaintiff stated that it intended "to go on with proof of that," whereupon defendant withdrew his objection. Plaintiff then proceeded by the introduction of oral testimony and written exhibits. By exhibit B it was established that the note here involved (and many other choses in action) came into its possession "as collateral security to secure any and all indebtedness now or hereafter due and owing" to plaintiff's predecessor, "and/or The Midland National Bank & Trust Company." This instrument was made March 27, 1933, was executed by Landers-Morrison-Christenson Company, by its president and secretary, corporate seal affixed, and by its terms provided that all assets described should "forthwith" be delivered to plaintiff, "one of the Banks above described." The involved note was so delivered and has since been so kept by plaintiff. By another instrument, exhibit C, bearing date April 20, 1935 (actually not signed until October 1 of that year), the payee named in the note, each indorser thereon, and two other companies having interests with them sold to plaintiff and the Midland National Bank all interests possessed by them in the many securities therein described, the present note being one of them, for a consideration of $50,000, thereby reducing their obligation to the mentioned banks in that sum. The next instrument, exhibit D, bears date October 6, 1938. Under the terms thereof the Midland National Bank assigned to plaintiff all of its right, title, and interest in the note in suit so that "plaintiff thereby became the owner of the entire interest theretofore held" by plaintiff and said Midland bank. All these instruments were introduced and received in evidence without objection. At that point, however, defendant moved—

"for a dismissal of the proceedings upon the ground that the evidence now indicates that at the time this action was started there was a defect of parties plaintiff in that at that time the Midland National Bank owned an interest in this promissory note and that this action was instituted solely in the name of the Northwestern National Bank."

That motion was granted upon defendant's theory that there was a defect of parties plaintiff; that defendant, having no knowledge

494

of the true facts until same appeared at the trial, had not waived the statutory requirement in such cases (2 Mason Minn. St. 1927, §§ 9251, 9252) that such defect must be raised "within the time allowed by law for answering the complaint" and if not so challenged by answer or demurrer "defendant shall be deemed to have waived the same."

■ The decisive question is whether there is here a defect of parties plaintiff. Defendant urges, and the court agreed with him, that 2 Mason Minn. St. 1927, § 9165, which provides, "except when otherwise expressly provided by law, every action shall be prosecuted in the name of the real party in interest," is controlling; that when this action was commenced the Midland bank had an interest in the note and as such should have been joined as a party; that plaintiff's subsequent acquisition of that interest could not be considered as relating back to the commencement of the action, and, as a consequence, "there was clearly a defect of parties plaintiff." He cites and relies upon McNamee v. Carpenter, 56 Iowa, 276, 9 N. W. 218.

Under the negotiable instruments law, § 34 (2 Mason Minn. St. 1927, § 7077), it is provided that, "an indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery." Section 7235 (N.I.L. § 191) defines "holder" to mean "the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." "Bearer" is defined as "the person in possession of a bill or note which is payable to bearer." Section 7094 (N.I.L. § 51) provides that "the holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument."

■ We have here an instrument negotiable in form and duly indorsed in blank when plaintiff received it. The instrument was payable by the maker's own choice at plaintiff bank. By virtue of the indorsement, fortified by the agreement exhibit B, plaintiff came lawfully into possession of the note "as collateral" to secure "all indebtedness now or hereafter due and owing" plaintiff "and/or the Midland National Bank & Trust Company." To make the collateral immediately available, the agreement provided for de-

livery of same to plaintiff "forthwith" as "one of the Banks above described." Such being the fact, how can it be said that plaintiff, under the law, could not have required, *i. e.*, sued for, full payment of the note? And would it not then be fully authorized to make a valid surrender thereof to defendant promisor, the one primarily liable thereon? We can see no point in defendant's contention that there is a misjoinder of parties plaintiff, for the rule is, as well stated in 3 Daniel, Negotiable Instruments (7 ed.) § 1367:

"The law is now too well settled to admit of longer controversy that an action on a bill or note payable to bearer, or indorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides.*"

The supporting cases are found under note 91. (Generally, as to who may sue, see 8 Am. Jur., Bills and Notes, §§ 918 to 940, inclusive.)

■ And the same author says (3 Daniel, Negotiable Instruments [7 ed.] § 1368):

"A nominal payee, or nominal title holder, although he has no beneficial interest, may maintain an action on a promissory note. And under the Negotiable Instrument statute, the payee or indorsee, who is in possession of the note, though not the beneficial owner thereof, may sue thereon in his own name by consent of the owner, and for such purpose may strike out his own and subsequent indorsements. It matters not that such nominal holder will receive the amount as trustee, agent, or pledgee. The suit by him holding the paper shows his title to recover; and it cannot matter to the defendant who discharges the debt that the plaintiff is accountable over to a third party."

■ This court in National Bank v. Mallan, 37 Minn. 404, 34 N. W. 901, said:

"Action on two promissory notes made by defendants, each payable to the order of 'Nichols, Shepard & Co. an incorporated company,' and each indorsed: 'Protest waived. NICHOLS, SHEPARD & Co.' On their being offered in evidence with the indorsements, by the plaintiff at the trial, defendants objected to the indorsements being received, on the ground that no sufficient foundation was laid to authorize their admission in evidence. To sustain this objection, the proposition is made here that the indorsements were not admissible except on proof that they were made by some officer or agent of the corporation having authority to make them."

The opinion points out that the applicable statutory provisions to the effect that (37 Minn. 405, 34 N. W. 902) " 'the possession of the note or bill is *prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed' " established "*prima facie* the fact that they are in the genuine handwriting of some officer or person having authority to make them, for without that fact they were not made by the corporation." To the same effect are First Nat. Bank v. Loyhed, 28 Minn. 396, 10 N. W. 421, and Tarbox v. Gorman, 31 Minn. 62, 16 N. W. 466.

■ The note having been "negotiated by the indorsement of the holder [and] completed by delivery" (2 Mason Minn. St. 1927, § 7073 [N.I.L. § 30]) to plaintiff, its continued possession from then on necessarily invested it with authority to collect and discharge the obligation. *Id.* § 7094 (N.I.L. § 51). The mere fact that another bank had an interest in the proceeds was and is unimportant to defendant. There is no suggestion made by anyone that the Midland bank was not informed of and acquiesced in plaintiff's title and ownership for the contractual purpose indicated. Thereby plaintiff's rights and remedies included not only its individual interest in the money to be had but likewise as trustee or agent for the Midland bank. When and if defendant pays the note he will be fully relieved of further liability. That is what he promised to do. If he has any defense it is up to him to establish such. That point was not reached at the trial. His "day in court" has not ended.

■ We can see no material variance between plaintiff's pleading and the proof tendered. The quoted paragraph from its complaint pleads that the note was "endorsed and negotiated" to plaintiff. The indorsements appear to be in appropriate form. The exhibits explain but do not invalidate the indorsements.

Order reversed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.

